| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY |
|---|
| Caption in compliance with D.N.J. LBR 9004-1(b)<br><br>**HILL WALLACK LLP**<br>Elizabeth K. Holdren, Esq.<br>21 Roszel Road<br>P.O. Box 5226<br>Princeton, NJ 08543<br>Phone: 609-924-0808<br>Email: eholdren@hillwallack.com<br>*Attorneys for Chalet Gardens Owner LLC* |
| In Re:<br><br>EDWIN R. WHITFIELD *aka* EDWIN R. WHITFIELD, SR.,<br><br>      Debtor |

Order Filed on August 6, 2019
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Chapter: 13

Case No. 14-34417 (ABA)

Judge: Andrew B. Altenburg, Jr., U.S.B.J.

Hearing:  August 6, 2019 at 10:00 a.m.

| Recommended Local Form: | ☐ Followed | ☒ Modified |
|---|---|---|

## ORDER VACATING AUTOMATIC STAY

The relief set forth on the following pages is hereby **ORDERED**.

DATED: August 6, 2019

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

(Page 2)
Debtor: Edwin R. Whitfield aka Edwin R. Whitfield, Sr.
Case No.: 14-34417 (ABA)
Caption of Order: **Order Vacating Automatic Stay**

---

Upon the Motion of Chalet Gardens Owner LLC, on behalf of itself and its successors and/or assigns(hereinafter "Movant"), under Bankruptcy Code Section 362(d) for relief from the automatic stay as to certain property as hereinafter set forth, and for cause shown, it is

ORDERED that the automatic stay is vacated to permit the Movant its successors and/or assigns to institute or resume and prosecute to conclusion one or more action(s) in the court(s) of appropriate jurisdiction to pursue the Movant's rights in the following:

Real property more fully described as: 320 West Branch Avenue 25-F, Pine Hill, New Jersey 08021.

It is further ORDERED that the Movant, its successors or assignees, may proceed with its rights and remedies under the terms of the lease and pursue its state court remedies including, but not limited to, evicting the Debtor.

It is further ORDERED that the Movant may join the debtor and any trustee appointed in this case as defendants in its action(s) irrespective of any conversion to any other chapter of the Bankruptcy Code.

It is further ORDERED that all communications sent by Movant in connection with proceeding against the property including, but not limited to, notices required by state law may be sent directly to Debtor.

The movant shall serve this Order on the Debtor, any trustee and any other party who entered an appearance on the motion.